UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

CODY LAVIN,

               Plaintiff,

v.

SCARLETT,

               Defendant.

3:17-cv-00731-RCJ-CBC

**ORDER**

Plaintiff Cody Lavin, a prisoner in the custody of the Nevada Department of Corrections, brings this *pro se* civil rights complaint under 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis* for prisoners. (ECF No. 1, 1-1.) The matter of the filing fee will be temporarily deferred. Applying the requirements under 28 U.S.C. § 1915A, Plaintiff states colorable Eighth Amendment excessive force and state tort law claims against Defendant Scarlett. However, Plaintiff's due process claim is dismissed without prejudice.

**I.    SCREENING STANDARD**

Federal courts must screen any case in which a prisoner seeks redress from a governmental entity or its officers or employees. 28 U.S.C. § 1915A(a). The court must identify cognizable claims and dismiss claims that are frivolous or malicious, fail to state a claim, or seek monetary relief from an immune defendant. *Id.* § 1915A(b). This includes claims based on fantastic or delusional scenarios. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Also, when a prisoner seeks to proceed without prepayment of fees, a court must dismiss if "the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

When screening claims for failure to state a claim, a court uses the same standards as under Rule 12(b)(6). *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is

entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency, *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983), and dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A court treats factual allegations as true and construes them in the light most favorable to the plaintiff, *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986), but does not accept as true "legal conclusions . . . cast in the form of factual allegations." *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009). A plaintiff must plead facts pertaining to his case making a violation "plausible," not just "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). That is, a plaintiff must not only specify or imply a cognizable legal theory (*Conley* review), he must also allege the facts of his case so that the court can determine whether he has any basis for relief under the legal theory he has specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Also, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record" if not "subject to reasonable dispute." *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011). Otherwise, if the district court considers

1 materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001). To state a claim under § 1983, a plaintiff must allege (1) violation of a right secured by the Constitution or laws of the United States (2) by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**II.  ANALYSIS**

In the Complaint, Plaintiff alleges that he was the victim of excessive force while he was incarcerated at Northern Nevada Correctional Center ("NNCC"). (ECF No. 1-1 at 1, 5.) In connection with his claims, Plaintiff names, as Defendant, Scarlett (NNCC Correctional Officer). (*Id*. at 2.) Plaintiff has commenced this civil rights action asserting federal constitutional claims for excessive force (Count I) and due process (Count III), and a state tort law claim for intentional infliction of emotional distress ("IIED") (Count II). (*Id*. at 5-7.) Plaintiff seeks monetary damages as well as injunctive relief. (*Id*. at 10.)

Plaintiff alleges that on June 7, 2017, he was escorted from the infirmary back to his cell in administrative segregation by Officer Scarlett. (ECF No. 1-1 at 3.) As Plaintiff entered the cell, Officer Scarlett shut the cell door and ordered Plaintiff to place his hands outside the food hatch so that he could remove Plaintiff's handcuffs. (*Id*. at 4.) Plaintiff did so, and Scarlett, without justification, grabbed Plaintiff's left wrist and began twisting and bending Plaintiff's wrist, causing a scar, bruising, and extreme pain. (*Id*.) As a result, Plaintiff was taken to the infirmary for medical attention and given pain medication. (*Id*.)

The Court finds it helpful to briefly summarize the three counts. In Count I, Scarlett subjected Plaintiff to excessive force on June 7, 2017 by twisting and bending his left wrist, in violation of the Eighth Amendment. (*Id*. at 5.) In Count II, Scarlett subjected Plaintiff to IIED by using excessive and unnecessary force, in violation of state tort law. (*Id*. at 6.) In Count III**,** Scarlett violated Plaintiff's Fourteenth Amendment right to due process by causing him pain, suffering, physical injury, and emotional distress. (*Id*. at 7.)

///

### A. Count I: Excessive Force – Scarlett

The Court finds that Plaintiff states a colorable Eighth Amendment excessive force claim against Scarlett. When a prison official stands accused of using excessive physical force in violation of the cruel and unusual punishment clause of the Eighth Amendment, the question turns on whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically for the purpose of causing harm. *See Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)). In determining whether the use of force was wanton and unnecessary, it is proper to consider factors such as the need for application of force, the relationship between the need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of the forceful response. *Hudson*, 503 U.S. at 7. The extent of a prisoner's injury is also a factor that may suggest whether the use of force could plausibly have been thought necessary in a particular situation. *Id*. Although the absence of serious injury is relevant to the Eighth Amendment inquiry, it is not determinative. *Id*.; *see Wilkins v. Gaddy*, 559 U.S. 34, 37-38 (2010). That is, use of excessive physical force against a prisoner may constitute cruel and unusual punishment even though the prisoner does not suffer serious injury. *Id*. at 9. The Eighth Amendment's prohibition on cruel and unusual punishments "necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Id*. at 9-10; *see Wilkins*, 559 U.S. at 37-38.

Here, Plaintiff alleges that Scarlett, without justification, grabbed his left wrist and began twisting and bending his wrist, causing a scar, bruising, and extreme pain. (ECF No. 1-1 at 4.) Because it appears that Scarlett applied force maliciously and sadistically for the purpose of causing Plaintiff harm, the Court finds that Count I will proceed against Defendant Scarlett.

### B. Count II: IIED – Scarlett

Plaintiff's IIED claim is based on the same conduct that gives rise to his federal constitutional claim for excessive force. For screening purposes, the Court will let this claim proceed past screening based on supplemental jurisdiction. *See* 28 U.S.C. § 1367(a) (stating that

"in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy").

The Court looks to Nevada law in assessing whether Plaintiff has alleged sufficient facts to state his claim for IIED. Under Nevada law, the elements of IIED are: "(1) extreme and outrageous conduct on the part of the defendant; (2) intent to cause emotional distress or reckless disregard for causing emotional distress; (3) that the plaintiff actually suffered extreme or severe emotional distress; and (4) causation." *Miller v. Jones*, 970 P.2d 571, 577 (Nev. 1998); *see also Barmettler v. Reno Air, Inc.*, 956 P.2d 1382, 1386 (Nev. 1998). For conduct to be extreme and outrageous, it must rise to a level "outside all possible bounds of decency" and be "regarded as utterly intolerable in a civilized community." *Dowers v. Nationstar Mortg., LLC*, 852 F.3d 964, 971 (9th Cir. 2017). "Liability for emotional distress generally does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Burns v. Mayer*, 175 F. Supp. 2d 1259, 1268 (D. Nev. 2001). A plaintiff must set forth "objectively verifiable indicia" to establish that the plaintiff "actually suffered extreme or severe emotional distress." *Miller*, 970 P.2d at 577.

Here, Plaintiff alleges that Scarlett's conduct was excessive and unnecessary, causing extreme pain, bruising, and physical injury. (ECF No 1-1 at 6.) Plaintiff alleges no facts indicating extreme or severe emotional distress, however. The claim is dismissed, with leave to amend to state a claim for IIED (or battery).

### C. Count III: Due Process – Scarlett

In Count III, Plaintiff generally alleges that his right due process under the Fourteenth Amendment was violated. (ECF No. 1-1 at 7.) The Court finds that Plaintiff fails to state a colorable due process claim. Plaintiff states no facts in the Complaint that would give rise to a Fourteenth Amendment due process violation. Count III is therefore dismissed, with leave to amend.

///

**D. Amendment**

As noted, Plaintiff may amend Counts II and III if he wishes to pursue those claims. An amended complaint supersedes (replaces) the original Complaint, so an amended complaint must be complete in itself. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989). Plaintiff must file the amended complaint on this Court's approved prisoner civil rights form, and it must be entitled "First Amended Complaint." Plaintiff must file the amended complaint within twenty-eight (28) days from the date of this Order, or the case will proceed on Count I against Scarlett, and the other claims may be dismissed with prejudice without further notice.

**CONCLUSION**

IT IS HEREBY ORDERED that a decision on the Application to Proceed *in Forma Pauperis* (ECF No. 1) is DEFERRED.

IT IS FURTHER ORDERED that the Clerk shall file the Complaint (ECF No. 1-1) and send Plaintiff a courtesy copy.

IT IS FURTHER ORDERED that Count I MAY PROCEED against Defendant Scarlett.

IT IS FURTHER ORDERED that Counts II and III are DISMISSED, with leave to amend within twenty-eight (28) days of this Order.

IT IS FURTHER ORDERED that the Clerk shall send Plaintiff the approved form for filing a § 1983 complaint, instructions, and a copy of the Complaint (ECF No. 1-1). Plaintiff must use the approved form and write the words "First Amended" above the words "Civil Rights Complaint" in the caption. The Court will screen the amended complaint in a separate screening order, which may take several months. If Plaintiff does not timely file an amended complaint, the Court may dismiss with prejudice without further notice.

IT IS SO ORDERED.

Dated this 7th day of November, 2018.

_____
ROBERT C. JONES
United States District Judge