UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CODY LAVIN,<br><br>　　　　　　　　　Plaintiff,<br>　　v.<br>SCARLETT,<br><br>　　　　　　　　　Defendant. | Case No. 3:17-cv-00731-MMD-CLB<br><br>ORDER REOPENING CASE |

**I.　　SUMMARY**

*Pro se* Plaintiff Cody Lavin initiated this action in December 2017 by submitting a civil rights complaint under 42 U.S.C. § 1983 about events that took place while he was incarcerated at Northern Nevada Correctional Center ("NNCC"). (ECF No. 1-1.) In December 2018, the Court stayed the case for 90 days, permitted Plaintiff's claim for excessive force to proceed against Defendant Scarlett, and referred the case to the Inmate Early Mediation Program. (ECF No. 8.) Shortly after the Court issued that order, Plaintiff's mail was returned as undeliverable. (ECF No. 9.) The Court issued an order directing Plaintiff to file his updated address. (ECF No. 11.) After no response from Plaintiff, the Court dismissed the case without prejudice, and the Clerk of the Court closed the case and entered judgment on January 14, 2019. (ECF Nos. 12, 13.)

Five and a half years later, on August 28, 2024, Plaintiff filed a motion to reinstate his civil action. (ECF No. 16.) In his motion, Plaintiff states that, after his release from custody from the Nevada Department of Corrections ("NDOC"), he "experienced substantial periods of homelessness and was inflicted with COVID-19 on [three] separate occasions." (*Id.* at 1.) Plaintiff asserts that it was never his intent to "not pursue" this case

and would like the Court to consider the impacts of chronic homelessness and the Covid-19 pandemic when deciding whether to allow him to proceed with his case. (*Id.*)

Plaintiff is currently an inmate in the custody of the Utah Department of Corrections. (*Id.* at 1-2.) Plaintiff requests a new application to proceed *in forma pauperis* because the Court denied his application as moot when it closed his case. (*Id.* at 2; *see* ECF No. 11 at 1.) Plaintiff also asks the Court to assign him an attorney. (ECF No. 16 at 2.)

**II.   DISCUSSION**

Plaintiff in essence is asking this Court to set aside its judgment dismissing this action without prejudice pursuant to Federal Rule of Civil Procedure 60(b)(1). This rule provides that a court may relieve a party or its legal representative from a final judgment, order, or proceeding for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).

In *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993), the Supreme Court interpreted "neglect" to encompass "both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Id.* at 388. In assessing whether a set-side is justified by a party's excusable neglect, courts apply a four-part test: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Id.* at 395.

**A.   Prejudice to the Defendant**

To be prejudicial, the "standard is whether [Defendants'] ability to pursue [their defenses] will be hindered." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). The delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion. *See TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001), overruled on other grounds by *Egelhoff v. Egelhoff ex rel.*

*Breiner*, 532 U.S. 141 (2001). The loss of a quick victory does not constitute prejudice. *See Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000).

The Court acknowledges that the five-year delay in this case could potentially prejudice the defendant based on loss of evidence and increased difficulty of discovery. However, the Court also recognizes that this action was dismissed before the defendant was ever served and that it is unclear whether the defendant would actually be prejudiced. As such, the Court finds that this factor weighs in favor of setting aside the judgment.

### B.   Length of the Delay

Next, the Court considers whether Plaintiff's neglect caused significant delay and its impact on the proceedings. *See Pioneer*, 507 U.S. at 395.

The Court finds that Plaintiff's neglect did cause a significant delay in the proceedings. This case was initiated in December 2017 and is not yet out of the screening process. However, the Court also recognizes that there was no scheduled mediation and the sole defendant had not been served before the Court dismissed this case. Thus, even though the delay paused the case, the delay did not significantly impact the proceedings. The Court finds that this factor weighs in favor of setting aside the judgment.

### C.   Reason for the Delay

When assessing the reason for the delay, the Supreme Court interprets Congress's intent as permitting courts "to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer*, 507 U.S. at 388. Delays in filing resulting from "negligence and carelessness," not "deviousness or willfulness," may be considered excusable neglect. *Bateman*, 231 F.3d at 1225.

The Court finds that Plaintiff has demonstrated excusable neglect. Based on his motion, Plaintiff was subjected to chronic homelessness after his release from NDOC custody and then faced a global pandemic. The Court finds that Plaintiff's delay was, in part, due to intervening circumstances beyond his control.

### D. Bad Faith

For the last factor, the Court examines whether Plaintiff acted in bad faith when he failed to respond to the Court's orders and meet its deadlines. While the Court cannot say he acted in bad faith, the Court is also not persuaded that Plaintiff acted in good faith when he failed to meet the Court's deadlines. The Court recognizes that chronic homelessness and a global pandemic could cause possible delays in meeting the Court's deadlines, but it is not convinced that filing a motion to reinstate five-plus years later is acting in good faith either.

However, after considering all four of the *Pioneer* factors, the Court finds that the factors weigh in favor of setting aside judgment. The Court grants the motion to reinstate the civil action. (ECF No. 16.)

The Court will also: (1) reinstate Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) as an active, pending motion; and (2) refer this case once again to the Inmate Early Mediation Program.

If Plaintiff seeks to move for an appointment of counsel, he will need to file a separate motion for that request and explain what "exceptional circumstances" qualify him for appointment counsel.[1]

### III. CONCLUSION

It is therefore ordered that the motion to reinstate civil action (ECF No. 16) is granted.

It is further ordered that the Clerk of the Court: (1) reopen this case; (2) reinstate the application to proceed *in forma pauperis* (ECF No. 1) as an active, pending motion;

---

[1] A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights cases. *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action).

(3) send Plaintiff courtesy copies of the Complaint (ECF No. 7), screening order (ECF No. 6), and follow up order (ECF No. 8).

It is further ordered that a decision on the application to proceed *in forma pauperis* (ECF No. 1) is deferred.

It is further ordered that the operative complaint is located at ECF No. 7.

It is further ordered that, pursuant to the screening order and follow up order, this action will proceed only on the excessive force claim against Defendant Scarlett (claim 1).

It is further ordered that, given the nature of the claim that the Court has permitted to proceed, this action is stayed for 90 days to allow Plaintiff and Defendant an opportunity to settle their dispute before the Court determines whether to grant Plaintiff's *in forma pauperis* application, the $350.00 filing fee is paid, an answer is filed, or the discovery process begins. During this 90-day stay period and until the Court lifts the stay, no other pleadings or papers may be filed in this case, and the parties may not engage in any discovery, nor are the parties required to respond to any paper filed in violation of the stay unless specifically ordered by the Court to do so. The Court will refer this case to the Court's Inmate Early Mediation Program, and the Court will enter a subsequent order. Regardless, on or before 90 days from the date this order is entered, the Office of the Attorney General must file the report form attached to this order regarding the results of the 90-day stay, even if a stipulation for dismissal is entered prior to the end of the 90-day stay. If the parties proceed with this action, the Court will then issue an order setting a date for Defendants to file an answer or other response. Following the filing of an answer, the Court will issue a scheduling order setting discovery and dispositive motion deadlines.

"Settlement" may or may not include payment of money damages. It also may or may not include an agreement to resolve Plaintiff's issues differently. A compromise

agreement is one in which neither party is completely satisfied with the result, but both have given something up and both have obtained something in return.

It is further ordered that if the case does not settle, then the Court will determine whether to grant Plaintiff's *in forma pauperis* application. Plaintiff will be required to pay the full $350.00 statutory filing fee for a civil action regardless of whether the Court grants Plaintiff's *in forma pauperis* application. This fee cannot be waived, and the fee cannot be refunded once the Court enters an order granting Plaintiff's application to proceed *in forma pauperis*. If Plaintiff is allowed to proceed *in forma pauperis*, the fee will be paid in installments from Plaintiff's prison trust account. *See* 28 U.S.C. § 1915(b). If Plaintiff is not allowed to proceed *in forma pauperis*, the full $350 statutory filing fee for a civil action plus the $50 administrative filing fee, for a total of $400, will be due immediately.[2]

It is further ordered that if any party seeks to have this case excluded from the inmate mediation program, that party must file a "motion to exclude case from mediation" no later than 21 days prior to the date set for mediation. The responding party will have seven days to file a response. No reply may be filed. Thereafter, the Court will issue an order, set the matter for hearing, or both.

It is further ordered that if Plaintiff needs an interpreter to participate in the mediation program, Plaintiff will file a notice identifying the interpretation language and the need for the interpreter within 30 days from the date of this order.

The Clerk of Court is further directed to add the Nevada Department of Corrections to the docket as an Interested Party and electronically provide a copy of this order and copies of all items previously filed in this case by regenerating the Notices of Electronic Filing on the Office of the Attorney General of the State of Nevada by adding the Attorney General of the State of Nevada to the interested party on the docket. This does not indicate acceptance of service.

---

[2] The full filing fee for a civil action initiated in December 2017 was $400, including the $350 filing fee and $50 administrative fee.

It is further ordered that the Attorney General's Office must advise the Court within 21 days of the date of the entry of this order whether it will enter a limited notice of appearance on behalf of Interested Party for the purpose of participation in the Early Mediation Program. No defenses or objections, including lack of service, will be waived because of the filing of the limited notice of appearance.

DATED THIS 25th Day of October 2024.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

| | |
|---|---|
| CODY LAVIN,<br><br>  Plaintiff,<br><br>v.<br><br>SCARLETT,<br><br>  Defendant. | Case No. 3:17-cv-00731-MMD-CLB<br><br>REPORT OF ATTORNEY GENERAL RE: RESULTS OF 90-DAY STAY |

**NOTE: ONLY THE OFFICE OF THE ATTORNEY GENERAL WILL FILE THIS FORM. THE INMATE PLAINTIFF MAY NOT FILE THIS FORM.**

  On _____ [*the date of the issuance of the screening order*], the Court issued its screening order stating that it had conducted its screening pursuant to 28 U.S.C. § 1915A, and that certain specified claims in this case would proceed. The Court ordered the Office of the Attorney General of the State of Nevada to file a report 90 days after the date of the entry of the Court's screening order to indicate the status of the case at the end of the 90-day stay. By filing this form, the Office of the Attorney General hereby complies.

**REPORT FORM**

[Identify which of the following two situations (identified in bold type) describes the case, and follow the instructions corresponding to the proper statement.]

**Situation One: Mediated Case**: **The case was assigned to mediation by a court-appointed mediator during the 90-day stay.** [If this statement is accurate, check **ONE** of the six statements below and fill in any additional information as required, then proceed to the signature block.]

  ____ A mediation session with a court-appointed mediator was held on _____ [*enter date*], and as of this date, the parties have reached a settlement (*even if paperwork to memorialize the settlement remains to be completed*). (*If this box is checked, the parties are on notice that they must SEPARATELY file either a contemporaneous stipulation of dismissal or a motion requesting that the Court continue the stay in the case until a specified date upon which they will file a stipulation of dismissal.*)

  ____ A mediation session with a court-appointed mediator was held on _____ [*enter date*], and as of this date, the parties have not reached a settlement. The Office of the Attorney General therefore informs the Court of its intent to proceed with this action.

8

\_\_\_\_    No mediation session with a court-appointed mediator was held during the 90-day stay, but the parties have nevertheless settled the case. (*If this box is checked, the parties are on notice that they must SEPARATELY file a contemporaneous stipulation of dismissal or a motion requesting that the Court continue the stay in this case until a specified date upon which they will file a stipulation of dismissal.*)

\_\_\_\_    No mediation session with a court-appointed mediator was held during the 90-day stay, but one is currently scheduled for _____ [*enter date*].

\_\_\_\_    No mediation session with a court-appointed mediator was held during the 90-day stay, and as of this date, no date certain has been scheduled for such a session.

\_\_\_\_    None of the above five statements describes the status of this case. Contemporaneously with the filing of this report, the Office of the Attorney General of the State of Nevada is filing a separate document detailing the status of this case.

* * * * *

**Situation Two: Informal Settlement Discussions Case**: **The case was NOT assigned to mediation with a court-appointed mediator during the 90-day stay; rather, the parties were encouraged to engage in informal settlement negotiations.** [If this statement is accurate, check **ONE** of the four statements below and fill in any additional information as required, then proceed to the signature block.]

\_\_\_\_    The parties engaged in settlement discussions and as of this date, the parties have reached a settlement (*even if the paperwork to memorialize the settlement remains to be completed*). (*If this box is checked, the parties are on notice that they must SEPARATELY file either a contemporaneous stipulation of dismissal or a motion requesting that the Court continue the stay in this case until a specified date upon which they will file a stipulation of dismissal.*)

\_\_\_\_    The parties engaged in settlement discussions and as of this date, the parties have not reached a settlement. The Office of the Attorney General therefore informs the Court of its intent to proceed with this action.

\_\_\_\_    The parties have not engaged in settlement discussions and as of this date, the parties have not reached a settlement. The Office of the Attorney General therefore informs the Court of its intent to proceed with this action.

\_\_\_\_    None of the above three statements fully describes the status of this case. Contemporaneously with the filing of this report, the Office of the Attorney General

of the State of Nevada is filing a separate document detailing the status of this case.

Submitted this _____ day of _____, _____ by:

Attorney Name: _____       _____
                          Print                                                              Signature

Address:    _____       Phone:

             _____       _____

                                                              Email: