UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CODY LAVIN,<br><br>              Plaintiff,<br>   v.<br><br>MR. SCARLETT,<br><br>              Defendant. | Case No.: 3:17-cv-00731-MMD-CLB<br><br>ORDER |

**I.      SUMMARY**

On December 21, 2017, *pro se* Plaintiff Cody Lavin initiated this action by filing a civil rights complaint (ECF No. 1-1 ("Complaint")) under 42 U.S.C. § 1983 against Officer Scarlett for events that allegedly occurred while incarcerated at Northern Nevada Correctional Center. (ECF Nos. 1-1, 6.) Following screening of Lavin's Complaint (ECF No. 1-1), the Court allowed him to proceed on an Eighth Amendment excessive force claim against Scarlett.[1] (*See* ECF Nos. 6 ("Screening Order"), 8.) Defendant Scarlett filed a motion for summary judgment asserting that Lavin's Eighth Amendment claim fails due to insufficient evidence that Scarlett used excessive force against him.[2] (ECF No. 32

---

[1] Subsequently, Lavin failed to follow the Court's order to update his address and to file a new IFP application. (ECF No. 11.) As a result, the Court dismissed this case without prejudice on December 14, 2019. (ECF No. 12.) Five years later, Lavin filed a motion to reinstate the case (ECF No. 16), which the Court then granted (ECF No. 18).

[2] Lavin failed to timely file his response. The Court *sua sponte* granted Lavin an extension of time until February 5, 2026 to file his response. (ECF No. 35.) To date, Lavin has failed to file an opposition to the Motion. Where, as here, a summary judgment is unopposed, a district court may not grant the motion solely on that basis. *See, e.g.*, *Cristobal v. Siegel*, 26 F.3d 1488, 1494-95 & n.4 (9th Cir. 1994); *see also* LR 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion."). However, a court may grant an unopposed motion for summary judgment where the movant's papers are sufficient on their face and do not reveal a genuine issue of material fact. *See Carmen v. San Francisco Unified School District*, 237 F.3d 1026, 1029 (9th Cir. 2001); *contra White by White v. Pierce Cnty.*, 797 *(fn. cont…)*

("Motion").) Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Carla L. Baldwin (ECF No. 36), recommending the Court grant the Motion. (ECF No. 36 at 1, 8.) To date, no objections to the R&R have been filed. Because there is no objection, and, as further explained below, the Court will adopt the R&R in full.

## II.  RELEVANT BACKGROUND

### A.    Lavin's Allegations

The Court previously screened Lavin's Complaint (ECF No. 1-1) and found that it stated a colorable Eighth Amendment excessive force claim against Scarlett. (ECF Nos. 6, 8.) The following facts are taken from the Court's Screening Order and adapted from the Complaint.[3]

Lavin alleges that, on June 7, 2017, after being escorted from the infirmary to his administrative segregation cell by Officer Scarlett, he complied with instructions to place his hands through the food hatch for the removal of handcuffs. (ECF No. 6 at 3.) Without justification, Officer Scarlett then grabbed and forcefully twisted Lavin's left wrist, causing bruising, scarring, and extreme pain.[4] (*Id.*) As a result, Lavin was taken to the infirmary, where he received pain medication. (*Id.*)

## III.   DISCUSION

Because there is no objection, the Court need not conduct de novo review and is satisfied that Judge Baldwin did not clearly err. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations." (emphasis in original)). Judge Baldwin recommends

F.2d 812, 815 (9th Cir. 1986) ("Even in the absence of opposing affidavits, summary judgment is inappropriate where the movant's papers are insufficient on their face.").

[3]The following facts are undisputed unless otherwise noted.

[4]Defendant disputes this factual account. In his Motion, Defendant asserts that Lavin failed to comply with officer instructions when he "captured" his wrist restraints—i.e., refused to permit the escorting officers to remove them—despite repeated verbal directives. (ECF No. 32 at 2-3; ECF No. 32-1 at 4.) Medical personnel determined that Lavin's wrist was not broken but possibly had soft tissue damage. (ECF No. 32-1 at 12.)

granting summary judgment in Defendant Scarlett's favor on the Eighth Amendment claim on the basis that the officer conduct in question was not excessive. (ECF No. 36 at 5-7.) That is, the Magistrate Judge finds no genuine factual dispute as to the amount of force used against Lavin, the circumstances under which it was applied, and the minimal injuries incurred as a result. (*Id.* at 7); s*ee* Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982) (holding that summary judgment requires the moving party to bear the burden of showing that there are no genuine issues of material fact).

An Eighth Amendment claim of excessive force against prisoners is evaluated under the *Hudson* Court's five-factor balancing test: "(1) the extent of injury suffered by an inmate; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response." *See Martinez v. Stanford*, 323 F.3d 1178, 1184 (9th Cir. 2003) (citing *Hudson v. McMillian*, 503 U.S. 1, 7- 10 (1992)). In evaluating a prison official's particular use of force, the core judicial inquiry turns on "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *See Hudson*, 503 U.S. at 6-7. A showing of serious injury as a result of the force applied is not required, but the lack of such injury is relevant to the inquiry. *See id.* at 7-9.

In applying the *Hudson* factors, the Magistrate Judge finds that the amount of force deployed was "generally necessary" and reasonable under the circumstances, as the undisputed evidence shows that Lavin's restraints "needed to be removed," and he "refused to comply" with orders to do so. (ECF No. 36 at 6.) That is, even after indicating a willingness to comply, Lavin attempted to pull the restraints back, prompting officers to apply a temporary wrist lock to remove the restraints. (*Id.*) The Magistrate Judge thus concludes that the amount of force used was "objectively minimal" and "proportional" to the need. (*Id.*) The Magistrate Judge further concludes that Lavin's reported injuries were "minimal"," that the threat was reasonably perceived and significant, and that Defendant

made an effort to temper the severity of his response by first giving verbal commands. (*Id.* at 6-7.) Having reviewed the R&R, Judge Baldwin did not clearly err.

Accordingly, given these facts and even considering the evidence in the light most favorable to Lavin[5], a rational jury could find that Defendant Scarlett applied the minimal amount of force necessary in a good-faith effort to maintain order and not maliciously or sadistically to cause harm and that no Eighth Amendment violation occurred.

It is therefore ordered that Judge Baldwin's Report and Recommendation (ECF No. 36) is adopted in full.

It is further ordered that Defendant Scarlett's motion for summary judgment (ECF No. 32) is granted.

It is further ordered that the Clerk of Court enter judgment accordingly and close this case.

DATED THIS 24th Day of March 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[5]In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *See Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).